**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| STEPHEN F. CASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | No. 17-11441-PBS |
| | ) | |
| TOWN OF WAYLAND, WAYLAND PUBLIC SCHOOLS, WAYLAND POLICE DEPARTMENT, PAUL STEIN, BRAD CROZIER, ALLYSON MIZOGUCHI, AND JAMIE BERGER, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**ORDER**

March 27, 2018

Saris, C.J.

    Plaintiff has filed a motion to amend his complaint to add a count of intentional interference with contractual relations against three named Defendants. See Dkt. No. 36-2 at 27-28. Having considered the case law, the Court concludes that Plaintiff states a plausible claim of intentional interference with contractual relations based on allegations that his supervisor wrote a negative, false performance review with a retaliatory motive. See Zimmerman v. Direct Fed. Credit Union, 262 F.3d 70, 76-77 (1st Cir. 2001) (observing that "proven retaliation may serve as a proxy for actual malice," thereby overcoming qualified privilege and permitting recovery for

1

tortious interference with advantageous relations against employer). Zimmerman is particularly salient given its conclusion that a series of unexplained negative performance reviews the plaintiff received were part of an evidentiary picture sufficient to show actual malice. See 262 F.3d at 74, 77-78. Because an amendment would not be futile, Plaintiff's motion to amend (Dkt. No. 36) is **ALLOWED**.

/s/ PATTI B. SARIS  
PATTI B. SARIS  
Chief United States District Judge