**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| STEPHEN F. CASS,<br><br>             Plaintiff,<br><br>v.<br><br>TOWN OF WAYLAND, WAYLAND<br>PUBLIC SCHOOLS, WAYLAND POLICE<br>DEPARTMENT, PAUL STEIN,<br>BRAD CROZIER, ALLYSON MIZOGUCHI<br>and JAMES BERGER [Misnamed],<br><br>             Defendants. | CIVIL ACTION NO.: 1:17-CV-11441 |

## MOTION FOR LEAVE TO WITHDRAW

Pursuant to Local Rule 83.5.2, Benjamin L. Hincks, Esq., Kristen S. Scammon, Esq. and

the Firm of Torres, Scammon, Hincks & Day, LLP (collectively, the "Firm"), respectfully seek

leave of the Court to withdraw as counsel for Plaintiff Stephen F. Cass, ("Mr. Cass"), in the

above-captioned matter. As set forth more fully below, withdrawal is mandated by

Massachusetts Rules of Professional Conduct 1.16(a)(1) and 1.7(a)(2). The Firm cannot continue

in its representation of Mr. Cass because a conflict with a personal interest of Attorney Hincks

has arisen. Accordingly, good cause exists for the Firm to withdraw and the Firm respectfully

seeks leave to do so.

## REQUEST FOR LEAVE TO WITHDRAW

As a result of a newly arisen personal conflict, good cause exists here for leave to be

granted allowing the Firm to withdraw. The Massachusetts Rules of Professional Conduct,

adopted by this Court through Local Rule 86.3.1, demand a mandatory withdrawal if "there is a

significant risk that the representation of one or more clients will be materially limited…by a

personal interest of the lawyer." M.R.P.C. 1.7(a)(2). A conflict of a personal nature has arisen, precluding Attorney Hincks from continuing to represent Mr. Cass. Mr. Cass is presently in the process of seeking new counsel to represent him in this litigation.

This disqualification should be imputed to Attorney Scammon and the Firm through M.R.P.C. 1.10(a) which provides that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer *and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm*. M.R.P.C. 1.10(a) (emphasis added). Continued representation of Mr. Cass by Attorney Scammon or others in the Firm presents such a risk of materially limiting his representation. Attorney Hincks is the primary attorney for Mr. Cass and has a personal relationship with him. Further, the Firm consists of only six attorneys and would be materially limited in its representation of Mr. Cass due to the firm's size and Attorney Hincks' mandatory withdrawal.

Counsel's duty to maintain client confidentiality precludes the Firm from disclosing the specific facts of the conflict without violating M.R.P.C. 1.6., Confidentiality of Information. The Firm trusts that a statement to the effect that a mandatory withdrawal is required will be sufficient cause for this Court to grant this request for leave to withdraw.[1]

---

[1] Comments to M.R.P.C. 1.16 state that "[i]f a lawyer's withdrawal is mandatory under these Rules, the lawyer's statement to that effect should ordinarily be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rules 1.6 and 3.3." M.R.P.C. 1.16, Comment 3. The First Circuit, in an unpublished opinion, upheld a judge's decision to defer to counsel's representation regarding withdrawal, partially in reliance upon similar language in comments to New Hampshire's Rule 1.16. "The Comments to this rule suggest that the district court had the discretion to treat plaintiff's counsel's representation that 'irreconcilable disputes and conflicts' existed as sufficient cause for withdrawal without requiring counsel to spell out the conflicts at an *in camera* hearing." Fornaro v. Gannon, 124 Fed.Appx. 8, 12 (1st Cir. 2004).

**CONCLUSION**

For the foregoing reasons, this Court should grant this Motion for leave for the Firm and

its attorneys Benjamin Hincks and Kristen Scammon to withdraw.

Respectfully submitted,

**STEPHEN F. CASS,**

By his attorneys,

/s/ Benjamin L. Hincks
Benjamin L. Hincks (BBO# 630685)
Kristen S. Scammon (BBO# 634586)
TORRES, SCAMMON, HINCKS & DAY, LLP
35 India Street
Boston, MA 02110
T: (617) 307-4426
E: bhincks@tshdlegal.com
E: kscammon@tshdlegal.com

Dated: August 10, 2018

**Certificate of Service**

I hereby certify that on August 10, 2018, the above entitled document has been served on all counsel of record through the Court's ECF system. In addition, the Motion for Leave to Withdraw was also served by email and regular mail on Stephen F. Cass.

/s/ Benjamin L. Hincks

**Local Rule 7.1 Certification**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for Plaintiff via email on August 10, 2018 in a good faith attempt to resolve or narrow the issues presented in this Motion. The parties were unable to reach agreement on these issues.

/s/ Benjamin L. Hincks