**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STEPHEN F. CASS,<br><br>       Plaintiff,<br><br>v.<br><br>TOWN OF WAYLAND, WAYLAND PUBLIC SCHOOLS, WAYLAND POLICE DEPARTMENT, PAUL STEIN,<br>BRAD CROZIER, ALLYSON MIZOGUCHI and JAMES BERGER [Misnamed],<br><br>       Defendants. | CIVIL ACTION NO.: 1:17-CV-11441 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**PLAINTIFF'S COUNSEL'S MOTION FOR LEAVE TO WITHDRAW**

    Benjamin L. Hincks, Esq., Kristen S. Scammon, Esq., and the Firm of Torres, Scammon, Hincks & Day, LLP (collectively, the "Firm"), counsel for Plaintiff Steven F. Cass, hereby submit this Reply in further support of Counsel's Motion for Leave to Withdraw.

    Although most of the points and arguments set forth in Defendants' Opposition Memorandum may be addressed at a hearing on Plaintiff's Counsel's Motion, should the Court decide to convene such a hearing, Defendants' positions that (i) Plaintiff's Counsel ought to have submitted an Affidavit "setting forth or evidencing facts on which the motion is based…", *Def.'s Opp'n*, 1 n.1, ECF No. 57, and (ii) Mr. Cass should called to a hearing to be "questioned under oath about the 'newly arisen personal conflict' which forms the basis of this Motion," *id.* at 2, are both, respectfully, off-base and bear a brief response in this Reply.

    First, as Plaintiff's Counsel asserted in their Motion, the fundamental ethical restrictions of client confidentiality under Massachusetts Rule of Professional Conduct 1.6 preclude any

such disclosure of the underlying facts and circumstances forming the basis of this Motion.

Second, should the Court wish to further explore such underlying facts in its consideration of this Motion, Plaintiff's Counsel would urge the Court to make any such inquiry into this factual background *in camera* and *ex parte* so that the Defendants do not become privy to protected attorney-client communications and other confidential information to which they are not entitled.  Further, given the sensitivity of this matter, Plaintiff's Counsel suggests that the Court might consider referring any such hearing to a Magistrate Judge so as to shield the Trial Judge from disclosure of these underlying confidential and privileged communications.

        Respectfully submitted,

        **STEPHEN F. CASS,**

        By his attorneys,

        /s/ Benjamin L. Hincks
        Benjamin L. Hincks (BBO# 630685)
        Kristen S. Scammon (BBO# 634586)
        TORRES, SCAMMON, HINCKS & DAY, LLP
        35 India Street
        Boston, MA 02110
        T: (617) 307-4426
        E: bhincks@tshdlegal.com
        E: kscammon@tshdlegal.com

Dated:  August 22, 2018

## Certificate of Service

    I hereby certify that on August 22, 2018, the above entitled document has been served on all counsel of record through the Court's ECF system. In addition, the above was also served by email and regular mail on Stephen F. Cass.

        /s/ Benjamin L. Hincks