UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN F. CASS,<br><br>Plaintiff,<br><br>vs.<br><br>TOWN OF WAYLAND, WAYLAND PUBLIC SCHOOLS, WAYLAND POLICE DEPARTMENT, PAUL STEIN, BRAD CROZIER, ALLYSON MIZOGUCHI, and JAMES BERGER (MISNAMED),<br><br>Defendants. | C.A. NO 1:17-cv-11441 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS'
SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS**

Plaintiff Stephen F. Cass hereby objects to Defendants' Supplemental Request for Jury Instructions (Doc. 159) (the "Proposed Supplemental Instruction"). This Court should reject the Proposed Supplemental Instruction.

The Proposed Supplemental Instruction obfuscates the Title IX retaliation claim in this case. Rather than providing clarity as to the factual questions the jury must determine, the Proposed Supplemental Instruction only serves to confuse the jury's task at hand. As drafted, it improperly suggests that it is Mr. Cass's burden at trial to establish that the Wayland High School was, in fact, in violation of Title IX during the time that he reported to the School Defendants about his concerns. Whether or not Wayland High School actually violated Title IX is not a question the jury must answer in this case. The Proposed Supplemental Instruction fails to include any language informing the jury that Mr. Cass need not prove any underlying *actual*

violation of Title IX in order to succeed on his retaliation claim under Title IX.[1] Any instruction regarding the Title IX retaliation claim must inform the jury of what they must determine: (1) whether Mr. Cass engaged in protected activity when he reported to his superiors (the School Defendants) about gender inequity at Wayland High School that he reasonably believed violated Title IX, and (2) whether Mr. Cass's protected activity played a substantial or motivating part in the decision not to renew his contract as the Wayland High School Athletic Director.[2]

The Proposed Supplemental Instruction calls attention to certain language from a policy interpretation published by the Office of Civil Rights in 1979 relating to Title IX and omits key language from the governing regulation concerning Title IX. Indeed, the Proposed Supplemental Instruction informs the jury that "[u]nequal aggregate expenditures for members of each sex or unequal expenditures for male and female teams if a recipient operates or sponsors separate teams will not constitute noncompliance with this section." Significantly, the Proposed Supplemental Instruction ignores the second clause of that sentence, which states that "the Assistant Secretary may consider the failure to provide necessary funds for teams for one sex in assessing equality of opportunity for members of each sex." *See* 34 C.F.R. § 106.41. While hyper-focusing on football as a unique men's sport, the Proposed Supplemental Instruction

---

[1] *Fantini v. Salem State Coll.*, 557 F.3d 22, 32 (1st Cir. 2009) (to succeed on a retaliation claim, a plaintiff need not demonstrate that the "conditions against which [ ]he protested actually amounted to a violation . . ."); *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 67 (1st Cir. 2002) (In the First Circuit, it is well established that the "jurisprudence of Title VII supplies an applicable legal framework" for Title IX claims).
[2] *See Frazier*, 276 F.3d at 67 (to prevail on a Title IX retaliation claim, a plaintiff must show that he "engaged in activity protected by Title IX, that the alleged retaliator knew of the protected activity, that the alleged retaliator subsequently undertook some action disadvantageous to the actor, and that a retaliatory motive played a substantial part in prompting the adverse action"); *Wyatt v. City of Boston*, 35 F.3 13, 15 (1st Cir. 1994) (To constitute protected activity, a plaintiff need not lodge formal complaints to outside bodies or agencies; rather, a plaintiff's internal reports/complaints to his superiors constitutes protected activity).

makes no mention of the fact that football and other revenue-producing sports *cannot be excluded* from a Title IX analysis of an athletic program. *See* 44 Fed. Reg. 71413, at 71421 ("football and other revenue-producing sports cannot be exempted from coverage of Title IX"). In this regard, the Proposed Supplemental Instruction improperly suggests that Mr. Cass's Title IX concerns solely involved the spending for the football program at Wayland High School. The evidence at trial reveals, however, that Mr. Cass raised a host of concerns regarding gender inequity issues resulting in a disparate impact to female sports' teams at Wayland High School—the funding of the football program and the disparate treatment of female teams resulting therefrom being *one of many* concerns. In any event, a retaliation claim under Title IX may survive where the complainant reports his good faith belief that funding is negatively impacting girls' sports teams. In *Jackson*, the United States Supreme Court held that the plaintiff (the former high school girls' basketball coach) could state a claim alleging retaliation under Title IX for having complained about disparate funding in athletic programs. *Jackson v. Birmingham Bd. of Educ.,* 544 U.S. 167, 171 (2005) (allowing retaliation claim to go forward, based on coach's complaints to supervisors that the girls' basketball team "was not receiving equal funding and equal access to athletic equipment and facilities"); *see also Miller v. Board of Regents of University of Minnesota*, Case No. 15-CV-3740, 2018 WL 659851 at*4 (D. Minn. Feb. 1, 2018) (raising the issue of disparate funding for women's' teams deemed protected conduct under Title IX).

Accordingly, as drafted, the Proposed Supplemental Instruction could lead to substantial prejudice against Plaintiff. The Proposed Supplemental Instruction is hyper-focused on drawing the jury's attention to football spending and asserts that "*the fact that the Town of Wayland may spend more money on football than any other sport, by itself, does not constitute a violation of*

*Title IX.*"  In framing the jury instructions this way, and hyper-focusing on spending for football, the jurors may get side-tracked and spend their deliberations grappling with whether Wayland's spending on football actually violated Title IX.  The jurors' deliberations in that regard would not just constitute a waste of time and a distraction from deciding the real issue at hand, but more significantly, the jury could impermissibly conclude that if the athletic programs offered at Wayland did not, in fact, run afoul of Title IX compliance, Mr. Cass's claim then fails.  Of course, such a conclusion would lack any basis in what the law requires to succeed on a retaliation claim under Title IX. *See Fantini*, 557 F.3d at 32 (to succeed on a retaliation claim, a plaintiff need not demonstrate that the "conditions against which [ ]he protested actually amounted to a violation . . .").

      For all of the foregoing reasons, Mr. Cass respectfully requests that this Court reject the Proposed Supplemental Instruction.

                                        Plaintiff,
                                        STEPHEN F. CASS,
                                        By his Attorneys,

*/s/ Todd D. White*
Todd D. White, BBO #565924
Jamie J. Bachant, BBO #684244
Ali Khorsand, BBO #675060
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI  02903-1345
Tel:  401-274-7200
twhite@apslaw.com
jbachant@apslaw.com
akhorsand@apslaw.com

Dated: July 15, 2019

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of July, 2019, I filed the within through the ECF system and that notice will be sent electronically to the below listed counsel who are registered participants identified on the mailing information for Case No. 17-11441.

Adam Simms, Esq.
John M. Wilusz, Esq.
John J. Davis, Esq.
Pierce Davis & Perritano LLP
10 Post Office Square, Suite 1100
Boston, MA 02109
(617) 350-0950
asimms@piercedavis.com
jwilusz@piercedavis.com
jdavis@piercedavis.com

                                                      */s/ Todd D. White*