**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STEPHEN F. CASS,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF WAYLAND, WAYLAND PUBLIC SCHOOLS, WAYLAND POLICE DEPARTMENT, PAUL STEIN, BRAD CROZIER, ALLISON MIZOGUCCI, AND JAMIE BERGER.<br><br>Defendants. | Civil Action No.: 1:17-cv-11441 |

# MEMORANDUM IN SUPPORT OF TORRES, SCAMMON, HINCKS & DAY, LLP'S MOTION TO UNSEAL THE RECORD OF THE SEPTEMBER 13, 2018 *EX PARTE* HEARING

## I. INTRODUCTION

Former counsel for Plaintiff Stephen F. Cass – Torres, Scammon, Hincks & Day, LLP ("TSH&D") – respectfully move this Court for an order unsealing the "partially sealed" record of the *ex parte* hearing before Magistrate Judge Jennifer Boal held on September 13, 2018 concerning the Motion to Withdraw as Attorney filed by Stephen F. Cass. As set forth herein, a legal fee dispute has recently arisen between Mr. Cass and TSH&D in which Mr. Cass has challenged – including most recently in a M.G.L. c. 93A demand letter to TSH&D – the firm's entitlement to receive all, or perhaps even any, of the legal fees that were negotiated by TSH&D with Defendants at the direction of this Court during its post-trial hearing on October 18, 2019. Since, in connection with this recent fee dispute, Mr. Cass has made serious allegations against TSH&D in regard to the firm's basis for seeking its withdrawal (a request that Mr. Cass fully supported at the time), fairness, as well as relevant legal precedent set forth below, dictate that the record of Magistrate Judge Boal's September 13, 2018 *ex parte* hearing on the Motion to

Withdraw – at which Judge Boal thoroughly explored with Mr. Cass and his then-counsel the factual basis for the Motion – must be unsealed so that TSH&D may defend itself against Mr. Cass's recent allegations.

## II. RELEVANT FACTS AND PROCEDURAL BACKGROUND

As the Court will likely recall, this action was concluded on or about December 20, 2019 with the filing of a Stipulation of Dismissal by the parties. That Stipulation of Dismissal followed a jury trial in which the jury found in favor of the Plaintiff ("Mr. Cass") on his Massachusetts Whistleblower Act claim against Defendant Town of Wayland, and awarded Mr. Cass substantial monetary damages. Mr. Cass was represented at trial by the firm of Adler Pollock & Sheehan, P.C. ("APS"); however, APS was not the original firm representing Mr. Cass in the lawsuit. TSH&D had represented Mr. Cass from prior to the inception of the lawsuit, up through the end of discovery and mediation in the case, a period of more than 2 years.

During the summer of 2018, circumstances arose between Mr. Cass and TSH&D (in particular with Attorney Hincks) that, in TSH&D's view amounted to an irreconcilable ethical conflict of interest, requiring the firm's withdrawal as counsel for Mr. Cass. *See Affidavit of Benjamin L. Hincks ("Hincks Aff."),* filed herewith, at ¶ 3. After the Court received the withdrawal motion and held an initial hearing, the Court decided to refer the further consideration of, and decision on, the motion to Magistrate Judge Jennifer C. Boal. Thereafter, on September 13, 2018, Judge Boal held a hearing, *ex parte* (Defendants' counsel was instructed to leave the courtroom after preliminary arguments), at which Magistrate Judge Boal heard not only from counsel, but also engaged in an extensive colloquy with Mr. Cass, who agreed with all of the representations underlying the Motion and openly assented to TSH&D's withdrawal. The transcript of that hearing was ordered "partially sealed" – presumably, only the *ex parte* portion

of the hearing, during which the factual basis of the Motion was discussed by Mr. Cass and TSH&D with Judge Boal, was sealed.

On September 14, 2018, Magistrate Judge Boal entered an electronic order, as follows: "ELECTRONIC ORDER GRANTING [56] Motion to Withdraw. After an ex parte hearing with plaintiff and his counsel, the Court finds that withdrawal **is required** pursuant to Rules 1.7(a)(2) and 1.16(a)(1) of the Massachusetts Rules of Professional Conduct. Accordingly, the motion to withdraw is granted." (emphasis added). Shortly, thereafter, Mr. Cass hired APS to represent him, and he and his replacement counsel prepared the case for trial, which concluded with the aforementioned jury verdict in Mr. Cass's favor on July 19, 2019.

After the conclusion of the trial, on October 18, 2019, the parties and their counsel appeared before the Court to address a number of post-trial motions. At that hearing, among several other matters addressed by the Court, the Court stated its intention – but did not yet enter a formal ruling – to award Mr. Cass his attorneys' fees in connection with his successful Whistleblower Act claim, and the Court added its view that such fees would be awarded for work performed by then-counsel to Mr. Cass, APS, as well as the work performed by Mr. Cass's prior counsel, TSH&D. After advising as to certain areas of fees that the Court did not believe appropriate to be included as part of such a fee award (such as, for example, attorney fees associated with mediation), the Court directed counsel to confer about Mr. Cass's legal fees and attempt to arrive at an agreed-upon figure to be presented to the Court, rather than ask the Court and its staff to review a fee petition and responses, and arrive at the final attorneys' fee award.

Accordingly, Mr. Cass and his counsel were directed to "submit proposed reductions" to the Court the following week. Counsel for the parties, as well as Mr. Cass's prior counsel, TSH&D, followed the Court's direction and thereafter dedicated many hours in the exchange and

negotiation of legal fee reports, invoices, and responses to them. *See Hincks Aff. at* ¶ 4. Counsel for both sides proceeded in good faith, and, ultimately, the parties and their counsel arrived at a negotiated and significantly reduced attorney fee number for APS and TSH&D; those figures were wrapped into a final resolution of the case yielding the Stipulation of Dismissal, which resolution was comprised of three components: the full amount of the jury verdict in favor of Mr. Cass, the full amount of pre-judgment interest associated with that verdict, and the two Cass firms' negotiated and reduced attorney fee figures. *Id.* The Stipulation of Dismissal was filed with the Court shortly thereafter on December 20, 2019.

On or about December 10, 2019, shortly before the Stipulation of Dismissal was filed, and before TSH&D had been paid the negotiated fee amount from the global payment made by or on behalf of the Defendants, Mr. Cass, through an individual purporting to be his new attorney, contacted TSH&D partner, Mr. Hincks, and informed him that Mr. Cass objected to TSH&D receiving its negotiated fee amount. *See Hincks Aff. at* ¶ 5. Thereafter, TSH&D received a purported Demand Letter under Mass. Gen. L. Chapter 93A, Section 9, which was dated January 13, 2020 ("the 93A Demand") *See Hincks Aff. at* ¶ 6, Ex. A.[1]

Early in the 93A Demand, Mr. Cass writes: "After spending significant time and effort on this case you determined for personal and professional reasons that you had taken this case as far as you could and decided to withdraw from the case." Mr. Cass goes on to allege: "Prior to doing so you and Ms. Scammon attempted to convince and pressure me and my brother to accept the settlement you thought you could achieve that was far below my expectations. When I refused you lost interest and moved on leaving me without counsel and with few possibilities.

[1] Although it is not directly relevant to this Motion to Unseal, TSH&D is aware that Mr. Cass has also recently issued a M.G.L. Chapter 93A demand letter raising a separate fee dispute -- and also threatening legal action – against APS. *See Hincks Aff. at* ¶ 7.

The decision was made for your benefit not for mine." 93A Demand at p. 1. The letter goes on to state similar further accusations about TSH&D's withdrawal and make various threats about claims Mr. Cass intends to bring against the firm if the demands of his 93A Demand are not met by the firm.

Without commenting on the substance of the allegations of the 93A Demand, other than to vehemently deny them and express the firm's intention to oppose Mr. Cass's unsupported claims to obtain all or some of the negotiated TSH&D fees for his own benefit, TSH&D respectfully submits that what is abundantly clear from the 93A Demand is that the "partially sealed" record – *i.e.,* the transcript (or tape recording) – of the September 13, 2018 hearing before Magistrate Judge Boal must be unsealed to allow TSH&D to defend itself against Mr. Cass's recent allegations and legal threats. Moreover, as set forth below, relevant law clearly supports TSH&D's position here that the record should be unsealed.

## III. ARGUMENT

The First Circuit has long recognized that there is a common law presumption that the public has a right of access to judicial records. *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005); *In re Boston Herald, Inc.*, 321 F.3d 174, 189 (1st Cir. 2003);; *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986). This presumption is based, in part, upon the premise that "public monitoring of the judicial system fosters the important values of 'quality, honesty and respect for our legal system.'" *Siedle v. Putnam Investments, Inc.,* 147 F.3d 7, 9-10 (1st Cir. 1998), *quoting F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987); *see also In re Gitto Global Corp.*, 422 F.3d 1,6 (1st Cir. 2005).

Moreover, since concealment of judicial records from the public is disfavored, any "step that withdraws an element of the judicial process ... requires rigorous justification." *In re*

*Krynicki*, 983 F.2d 74, 75 (7th Cir.1992). The party seeking confidentiality has the burden of showing good cause for the protective order. Fed.R.Civ.P. 26(c); *In re Matter of Cont'l Ill. Secs. Litig.*, 732 F.2d 1302, 1310 (7th Cir.1984). Even where a protective order is entered, a party must continue to show good cause for confidentiality when challenged. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). If a party does not show good cause to justify the ongoing concealment of certain information, the protective order may be dissolved or modified to unseal that information. *Id.* Establishing good cause requires a party to present "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981). As one court has summarized:

> The party seeking protection bears the burden of showing specific prejudice or harm will result and must make a particularized showing of good cause with respect to any individual document. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning are insufficient.

*In re NCAA Student-Athlete Name and Likeness Licensing Litigation,* 2012 WL 4497775, Case No. 09–cv–01967 CW (NC), *2 (N.D. Cal. Sept. 28, 2012) (internal quotations and citations omitted).

Finally, even where good cause for protection of the documents is shown, a court then must balance the public's interest in access to the record against the interest of the party seeking confidentiality to determine whether to seal the record. *In the Matter of Cont'l Ill. Secs. Litig.*, 732 F.2d 1302, 1313 (7th Cir. 1984). If there is any doubt as to whether the material should be sealed, it is resolved in favor of disclosure. *Id.* "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Dahl v. Bain Capital Partners, LLC*, 891 F. Supp.2d 221,224 (D. Mass. 2012), *citing Standard*, 830 F.2d at 410 and *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir.1983).

Simply stated, this case presents a compelling basis for the Court to unseal the entire record, including any transcript or recording of the *ex parte* portion of the hearing, relating to the Motion to Withdraw. Without divulging in this memorandum any of the details of that proceeding, the essential basis for sealing the record was clearly to shield sensitive information regarding Mr. Cass and his relationship with his counsel – all of which formed the basis of the ethical conflict at the core of Magistrate Judge Boal's decision to allow the Motion – from unnecessary access by the Public. Now, however, Mr. Cass has placed the basis for TSH&D's withdrawal directly at issue in the 93A Demand in a manner that TSH&D asserts is utterly belied by the statements he himself made at the September 13, 2018 hearing to Magistrate Judge Boal.

Indeed, one need only read the accusations in the 93A Demand as to the alleged basis for TSH&D's withdrawal and compare them with Magistrate Judge Boal's finding and order after the hearing that: "withdrawal is required pursuant to Rules 1.7(a)(2) and 1.16(a)(1) of the Massachusetts Rules of Professional Conduct" to understand the critical need for TSH&D to gain "public" access to the sealed record so that it may defend itself against the threatened Chapter 93A claim by Mr. Cass, and/or any associated legal fee dispute to be brought by either Mr. Cass or TSH&D.[2] Certainly, under these circumstances, Mr. Cass would be unable to meet his burden to show good cause to overcome the presumption of "access" and maintain the sealing and protection of this critical record that he himself has brought directly into issue with his recent claims threatened against TSH&D.

[2] At present, the entire aforementioned negotiated amount of attorneys' fees paid by or on behalf of Defendants for the benefit of TSH&D is being held in escrow by APS in its IOLTA account. As Mr. Cass would not agree to the release of such funds to TSH&D following the execution of the stipulation of dismissal in the case, APS has notified TSH&D that it will continue to hold such funds in escrow unless and until the firm receives either consent by Mr. Cass or a court order to release the funds. *See Hincks Aff. at* ¶ 8.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, TSH&D hereby respectfully requests that this Motion to Unseal be ALLOWED.

Dated: March 5, 2020

Respectfully submitted,

TORRES, SCAMMON, HINCKS
& DAY, LLP

*/s/ Kristen S. Scammon*

Kristen S. Scammon (BBO #634586)
Benjamin L. Hincks (BBO #630685)
TORRES, SCAMMON, HINCKS
& DAY, LLP
35 India Street, 5th Floor
Boston MA 02110
T: (617) 348-4426
E: bhincks@tshdlegal.com
kscammon@tshdlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served by email and regular mail on Plaintiff Stephen F. Cass, whom I understand is not currently represented by counsel.

*/s/ Kristen S. Scammon*