UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN F. CASS,<br><br>    Plaintiff,<br>v.<br><br>TOWN OF WAYLAND, WAYLAND PUBLIC SCHOOLS, WAYLAND POLICE DEPARTMENT, PAUL STEIN, BRAD CROZIER, ALLYSON MIZOGUCHI, and JAMES BERGER [Misnamed],<br><br>    Defendants. | CIVIL ACTION NO.: 1:17-CV-11441 |

## MOTION FOR LEAVE TO WITHDRAW

Pursuant to Local Rule 83.5.2, Todd White, Esq., Jamie J. Bachant, Esq., Ali Khorsand, Esq., and the firm of Adler Pollock & Sheehan P.C. (collectively, "APS"), respectfully seek leave of the Court to withdraw as counsel for Plaintiff Stephen F. Cass ("Mr. Cass") in the above-captioned matter. As set forth more fully below, after this case closed following the filing of a stipulation of dismissal on December 20, 2019, Mr. Cass initiated a fee dispute with APS and, as a result, on December 31, 2019, APS advised Mr. Cass that it was withdrawing from its representation of him in connection with this matter. APS's withdrawal was mandated by Massachusetts Rules of Professional Conduct 1.16(a)(1) and 1.7(a)(2). APS could not continue in its representation of Mr. Cass because a conflict had arisen between Mr. Cass and APS. APS did not file a motion to withdraw as counsel in this action at that time because the case had been closed. On March 5, 2020, however, Torres, Scammon, Hincks & Day, LLP's ("TSH&D") reopened this action by filing a motion to unseal the record of the September 13, 2018 *ex parte* hearing. As APS remains counsel of record for Mr. Cass in this action, it is now appropriate for APS to file this

1

Motion to Withdraw as counsel for Mr. Cass in this action. As with APS's prior withdrawal from its representation of Mr. Cass, APS believes that its withdrawal from representing Mr. Cass in this action is mandated by Massachusetts Rules of Professional Conduct 1.16(a)(1) and 1.7(a)(2). APS cannot continue in its representation of Mr. Cass because a conflict has arisen between Mr. Cass and APS. Accordingly, good cause exists for APS to withdraw and APS respectfully requests leave to do so.

## REQUEST FOR LEAVE TO WITHDRAW

APS was counsel of record for Mr. Cass during the proceedings in the above-captioned matter. After that matter went to trial and a jury verdict was returned, the case was settled and was dismissed by stipulation on December 20, 2019. After the above-captioned matter was dismissed, a dispute arose between APS and Mr. Cass with regard to legal fees owed to APS. As a result of that dispute, APS informed Mr. Cass by way of a letter dated December 31, 2019 that APS was required to withdraw from its representation of Mr. Cass in accordance with the Massachusetts Rules of Professional Conduct. APS did not file a motion to withdraw as counsel in the above-captioned matter at that time because the case had been closed.

In light of the reopening of the above-captioned matter in which APS remains counsel of record for Mr. Cass, APS respectfully files this motion to formally withdraw as counsel of record.

In support thereof, APS states that, as a result of a newly arisen conflict between APS and Mr. Cass, good cause exists here for leave to be granted allowing APS to withdraw. The Massachusetts Rules of Professional Conduct, adopted by this Court through Local Rule 86.3.1, demand a mandatory withdrawal if "there is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer." M.R.P.C. 1.7(a)(2). Moreover, M.R.P.C. 1.10(a) provides that "[w]hile lawyers are associated in a firm, none of them

shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limited the representations of the client by the remaining lawyers in the firm." The dispute regarding legal fees owed to APS presents such a risk of materially limiting the representation of Mr. Cass by all attorneys associated with APS. Additionally, APS has already informed Mr. Cass that it has withdrawn its representation of him by way of a letter dated December 31, 2019, and Mr. Cass is presently in the process of seeking new counsel to represent him in this litigation.

## CONCLUSION

For the foregoing reasons, this Court should grant this Motion for leave for attorneys Todd White, Esq., Jamie J. Bachant, Esq., Ali Khorsand, Esq., and the firm Adler Pollock & Sheehan P.C. to withdraw.

Respectfully submitted,

/s/ Todd D. White
Todd D. White, BBO# 565924
Jamie J. Bachant, BBO #684244
Ali Khorsand, BBO #675060
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
twhite@apslaw.com
jbachant@apslaw.com
akhorsand@apslaw.com

Dated: March 11, 2020

2359147_1

### Certificate of Service

  I hereby certify that on Mach 11, 2020, the above entitled document has been served on all counsel of record through the Court's ECF system. In addition, the Motion for Leave to Withdraw was also served by email and regular mail on Plaintiff Stephen F. Cass.

                            */s/ Todd D. White*

### Local Rule 7.1 Certification

  Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for APS conferred with Plaintiff Stephen Cass via email on March 6, 2020 in a good faith attempt to resolve or narrow the issues presented in this Motion. Mr. Cass did not respond to the request to confer.

                            */s/ Todd D. White*